OPINION
This timely appeal arises from a trial court judgment determining that Appellant, Kenneth Alan Gorby, is a sexual predator as defined in R.C. § 2950.01. For the following reasons, we reverse the judgment of the trial court and remand this matter for a new hearing pursuant to R.C. Chapter 2950 to determine Appellant's status as a sex offender.
On September 2, 1999, Appellant pleaded guilty to one count of gross sexual imposition in violation of R.C. § 2907.05(A)(4). On the same day, the trial court filed a journal entry accepting Appellant's guilty plea following a Crim.R. 11 hearing, ordering a pre-sentence investigation and sentencing set for September 13, 1999, but giving no notice that Appellant's status as a sexual offender would be determined at that hearing. On September 13, 1999, the trial court filed a journal entry continuing sentencing to September 20, 1999, but again failing to notify Appellant that his sexual offender classification would be determined at this hearing.
On September 20, 1999, the sentencing hearing went forward as scheduled. Several witnesses spoke on behalf of Appellant and the state submitted a pre-sentence investigation report and victim impact statement for the trial court's consideration. After sentencing Appellant, the trial court continued to determine whether Appellant was a sexual predator. The state offered only the victim impact statement and the pre-sentence investigation report which was presented on that date to Appellant's counsel for the first time. (Tr. p. 12-13). Appellant's counsel stated that he was not prepared for a hearing to determine whether Appellant was a sexual predator but stated that he believed Appellant did not meet any of the criteria for making such a determination. (Tr. p. 13). Appellant raised no formal objection to the sexual predator determination hearing.
The trial court filed a journal entry on November 5, 1999, sentencing Appellant to four (4) years incarceration and finding him to be a sexual predator pursuant to R.C. Chapter 2950. On November 10, 1999, Appellant filed his notice of appeal.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT'S DETERMINATION OF `SEXUAL PREDATOR' IS NOT SUPPORTED BY COMPETENT CREDIBLE EVIDENCE AND IS CONTRARY TO LAW."
We need not address this assignment of error, as it is rendered moot by our disposition of Appellant's second assignment of error. App.R. 12(A)(1)(c).
Appellant's second assignment of error alleges:
 "DEFENDANT WAS NOT NOTIFIED OF SEXUAL OFFENDER STATUS HEARING, DENYING HIM FUNDAMENTAL DUE PROCESS RIGHTS TO RESPOND TO THE EVIDENCE AGAINST HIM AND TO PRESENT EVIDENCE ON HIS OWN BEHALF."
Appellant argues that the trial court committed reversible error when it failed to notify him that a hearing was scheduled to determine whether he is a sexual predator. Based on the record here, we agree.
R.C. § 2950.09(B)(1) provides that the trial court must conduct a hearing to determine whether a sexual offender is a sexual predator and that the:
 "* * * court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator."
The Ohio Supreme Court recently held:
 "* * * that the notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory. Notice of the sentencing hearing is not sufficient notice of the sexual offender classification hearing. Absent compliance with the mandatory notice provision, [a] defendant's classification as a sexual predator must be vacated and the matter remanded to the trial court for a sexual offender classification hearing with proper advance notice of the hearing issued to the parties."
 State v. Gowdy (2000), 88 Ohio St.3d 387, 399. The Ohio Supreme Court also concluded that even in the absence of a formal objection, the lack of notice involves exceptional circumstances constituting plain error.Id., 398-399.
In the present matter, the record is devoid of any notice to Appellant that he would be subjected to a hearing to determine his status as a sexual predator, if any. In light of the Ohio Supreme Court's decision inState v. Gowdy, we must reverse the trial court's judgment determining that Appellant is a sexual predator and remand this matter to the trial court for a sexual offender classification hearing after proper notice to the parties.
Vukovich, P.J., concurs.
Donofrio, J., concurs.